UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Allstate Property and
Casualty Insurance Company

v.                                          Civil No. 25-cv-267-LM
                                            Opinion No. 2026 DNH 096 P

Samsung Electronics America,
Inc. et al

**O R D E R**

Plaintiff Allstate Property and Casualty Insurance Company a/s/o James and Linda McQueeney ("Allstate") brings this subrogated negligence and strict products liability action against several companies that it claims are responsible for damages caused by a leaky dishwasher. Allstate alleges that Midea America Corp. ("Midea") sold a valve that malfunctioned within the dishwasher. Midea moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Doc. no. 40. Allstate objects and seeks jurisdictional discovery. Doc. no. 41. For the following reasons, Midea's motion to dismiss is granted.

**STANDARD OF REVIEW**

Once a challenge to personal jurisdiction has been raised under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction. Daynard v. Ness, Motley, Loadhold, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). In the absence of an evidentiary hearing, the court uses the prima facie standard to evaluate whether it has personal jurisdiction over a

defendant. De Laire v. Voris, Civ. No. 21-cv-131-JD, 2021 WL 1227087, at *2 (D.N.H. Apr. 1, 2021). Under the prima facie standard, the court takes the plaintiff's properly supported factual proffers as true and construes those facts in the light most favorable to the plaintiff. Nandjou v. Marriott Int'l, Inc., 985 F.3d 135, 147 (1st Cir. 2021); see Lin v. TipRanks, Ltd., 19 F. 4th 28, 33 (1st Cir. 2021) (explaining that the court takes the "specific facts affirmatively alleged by the plaintiff as true" regardless of whether they are disputed but, at the same time, does not credit "conclusory allegations" or "conclusory averments" without "evidence of specific facts" (quotations omitted)). The court also considers any undisputed facts offered by the defendant. Kuan Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 54 (1st Cir. 2020).

## BACKGROUND[1]

On November 19, 2022, James and Linda McQueenys' Samsung dishwasher leaked, causing over $150,000 in damage to their Manchester, New Hampshire home. Allstate, the McQueenys' insurance company, covered the cost of the damage and now brings this action for strict products liability and negligence against Samsung Electronics America, Inc., Samsung Electronics Home Appliances

---

[1] The following facts are drawn from, (1) Allstate's third amended complaint (doc. no. 49), which is the operative complaint, and (2) the affidavits submitted in support of and in opposition to Midea's motion to dismiss. Midea filed the present motion to dismiss when Allstate's second amended complaint (doc. no. 37) was the operative complaint. Allstate concedes that the allegations regarding Midea in both complaints are identical in all material aspects.

America, LLC (collectively, "Samsung"), Bitron Ind. China Co., LTD. ("Bitron"), and Midea.[2]

According to Allstate's investigation of the incident, the McQueeneys' Samsung dishwasher contained a "water inlet valve component" that failed, causing the dishwasher to malfunction. Doc. no. 49 at 3. Although the valve was manufactured by Bitron, Midea sold the valve to Samsung which, in turn, incorporated it into the faulty dishwasher at issue in this case. Midea supplies water inlet valves to Samsung for incorporation into its dishwashers sold throughout the United States, including in New Hampshire. It also sells its dishwasher valve components to major appliance manufacturers with the "intent and expectation" that the finished appliances will be sold across the country, including in New Hampshire. Id. at 4. Midea derives substantial revenue from the sale and supply of components incorporated into household appliances that are sold nationwide by retailers like Best Buy and Home Depot. Moreover, Allstate alleges that "Midea maintains United States-based operations intended to support nationwide sales, compliance, and distribution operations designed to serve their national customer base, including consumers in the State of New Hampshire." Id.

In Count V, Allstate claims that Midea is strictly liable for placing the valve at issue into the stream of commerce in an unreasonably dangerous condition. In

---

[2] This action was initially brought in New Hampshire Superior Court and was subsequently removed to this court pursuant to this court's diversity jurisdiction. Doc. no. 1; see 28 U.S.C. § 1332.

3

Count VI, Allstate claims that Midea's distribution of the problematic valve

constitutes negligence. In support of its Rule 12(b)(2) motion, Midea submitted a

declaration by its Director of Product Marketing, Hyong Cho. Doc. no. 40-1. Cho

asserts that Midea is incorporated in Florida, is headquartered in New Jersey, is

not registered to do business in New Hampshire, and has no offices or employees

here. Cho also states that Midea is not involved in the sale, distribution, or

manufacturing of any Samsung-branded products; rather, it markets products

throughout the United States and sells those products to national retailers and

through e-commerce platforms.

Allstate objects to Midea's motion to dismiss and, in the alternative, seeks

jurisdictional discovery.[3] Along with its objection, Allstate submits the following

factual proffer: Midea maintains a website with a "Service Locator" feature that

enables users to search for "a Midea Authorized Service Provider near you" by

entering a zip code. Doc. no. 41-2 at 2. The Service Locator feature reveals that

"Anything Appliance" (in Hooksett, New Hampshire) is a Midea-authorized service

provider. Id.

On April 30, 2026, this court issued an order scheduling oral argument on the

motion to dismiss. The order alerted the parties that the court wanted to hear more

---

[3] Allstate's request for jurisdictional discovery reads, in full: "Should Midea's motion to dismiss for lack of personal jurisdiction be granted, Allstate respectfully requests this honorable court allow Allstate to conduct jurisdictional discovery as to Midea with regard to their utilization of market reach, component sales, and distribution channels for the purposeful availment of markets located in the state of New Hampshire." Doc. no. 41-1 at 8 (cleaned up).

about Allstate's request for jurisdictional discovery: "In particular, the court requests argument on how discovery might allow Allstate to establish that its claims arise out of or relate to Midea's forum contacts." The court heard oral argument on June 30, 2026.

## DISCUSSION

The plaintiff bears the burden of demonstrating that personal jurisdiction exists. See Knox v. MetalForming, Inc., 914 F.3d 685, 690 (1st Cir. 2019). When a federal court exercising diversity jurisdiction entertains a personal-jurisdiction challenge, the court acts "as 'the functional equivalent of a state court sitting in the forum state.'" Rosenthal v. Bloomingdales.com, LLC, 101 F.4th 90, 94-95 (1st Cir. 2024) (quoting Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009)). Thus, to establish personal jurisdiction over Midea, Allstate "must satisfy the requirements of both New Hampshire's long-arm statute—which defines the scope of personal jurisdiction over a defendant in that state's courts—and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." Stokinger v. Armslist, LLC, 166 F.4th 229, 233 (1st Cir. 2026). Because New Hampshire's long-arm statute "reaches to the full extent that the Constitution allows," the court's only inquiry is whether exercising personal jurisdiction would comport with due process. Phillips Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 287 (1st Cir. 1999).

To show that exercising personal jurisdiction over Midea would comply with due process, Allstate must establish that Midea had "certain minimum contacts

with [New Hampshire] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, (1940)). While these contacts may be used to support a theory of either general or specific jurisdiction, Allstate confirmed at oral argument that it relies only on a specific-jurisdiction theory. Accordingly, Allstate "must satisfy each prong of the specific-jurisdiction test: (1) relatedness, (2) purposeful availment, and (3) reasonableness." Stokinger, 166 F.4th at 233.

Because Allstate fails to satisfy the first prong (relatedness), the court's analysis extends only to this prong.

I.    Allstate Fails to Establish its Claims Are Related to Midea's Forum Contacts

To establish relatedness, Allstate must demonstrate that its claims "arise out of or relate to" Midea's contacts with New Hampshire. Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021) (quoting Bristol-Myers Squibb Co. v. Super. Ct., 582 U.S. 255, 262 (2017)). The relatedness prong requires "a demonstrable nexus between the complaint's claims and the activities in the forum that properly may be attributed to the defendant[ ], such that the litigation itself is founded directly on those activities." Laundry v. Peddinghaus Corp., Civ. No. 22-cv-185-AJ, 2024 WL 3797600, at *4 (D.N.H. July 24, 2024) (alteration in original) (quoting PREP Tours, Inc. v. Am. Youth Soccer Org., 913 F.3d 11, 18 (1st Cir. 2019)). As the Supreme Court explained in Ford, the "phrase 'relate to' suggests 'that some relationships will support jurisdiction without a causal showing.'" O'Neil

6

v. Somatics, LLC, Civ. No. 20-cv-175-PB, 2021 WL 4395115, at \*3 (D.N.H. Sept. 24, 2021) (quoting Ford Motor Co., 592 U.S. at 362). However, that "does not mean anything goes . . . the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." Ford Motor Co., 592 U.S. at 362.

Here, Allstate's product liability and negligence claims against Midea stem from allegations that Midea distributed a defective valve which Samsung incorporated into the McQueeneys' dishwasher. Allstate points to Midea's affiliation with Anything Appliance (in Hooksett, New Hampshire), which Midea holds out as an "Authorized Service Provider" on its website. Allstate does not, however, offer any argument as to how its claims against Midea (pertaining to its distribution of an allegedly defective valve manufactured by a different company) arise out of or relate to Midea's affiliation with Anything Appliance.

To begin, there is no causal relationship between this contact and Allstate's claims. Whether Midea has a relationship with a third-party service provider in New Hampshire has "no bearing" on whether the valve that Midea distributed to Samsung was defectively designed or manufactured. O'Neil, 2021 WL 4395115, at \*4. This is particularly true where the complaint does not allege that the dishwasher or valve at issue was sold by or repaired by Anything Appliance. Nor does the complaint state a claim for negligent repair. For these reasons, Allstate has not shown that its claims "arise out of" Midea's New Hampshire contacts.

Not only do the claims fail to "arise out of" Midea's New Hampshire contacts, Allstate's claims do not "relate to" those contacts. There is not a "strong

'relationship among the defendant, the forum, and the litigation.'" Ford Motor Co., 592 U.S. at 365 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)). Midea has not "systematically served a market" for water inlet valves in New Hampshire. Id. Midea is not registered to do business in New Hampshire and has no offices or employees in the state. Nor is there evidence that Midea has undertaken substantial advertising in New Hampshire. To be sure, Midea's affiliation with Anything Appliance evinces some intent to offer support for Midea's products in New Hamshire. However, it pales in comparison to the efforts to cultivate and support a market "[b]y every means imaginable" present in Ford. 592 U.S. at 365; cf. id. (explaining that in addition to extensive advertising, Ford maintained many dealerships in the forum states which regularly sold and repaired Ford cars, including the very vehicles plaintiffs alleged malfunctioned). Moreover, central to the Court's reasoning in Ford was the fact that Ford's extensive contacts with the forum states made it easier for those residents to own Ford cars, encouraging forum-state residents "to become lifelong Ford drivers." Id. But that reasoning does not apply here, where Allstate's claims against Midea arise from a single sale of a component-part (from Midea to Samsung) that Samsung integrated into its dishwasher.

 For these reasons, Allstate's claims against Midea do not arise out of or relate to Midea's forum contacts.

II.    <u>Allstate Is Not Entitled to Jurisdictional Discovery</u>

The First Circuit recently set out the standard for obtaining jurisdictional

discovery:

> Generally, a diligent plaintiff who sues an out-of-state
> corporation and who makes out a colorable case for the
> existence of in personam jurisdiction may well be entitled
> to a modicum of jurisdictional discovery if the corporation
> interposes a jurisdictional defense. The entitlement to such
> discovery is not absolute. To merit jurisdictional discovery,
> plaintiffs must demonstrate diligence by presenting facts
> to the court which show why jurisdiction would be found if
> discovery were permitted, and explaining what relevant
> information they hope to glean through such discovery.
> Even where plaintiffs meet those requirements, the district
> court still has broad discretion to decide whether discovery
> is required.

Putnam v. EPR Props., 174 F.4th 214, 226 (1st Cir. 2026) (brackets, ellipses, and

quotations omitted).

In addition to requiring a colorable case for jurisdiction and diligence, the

"First Circuit has recognized that parties do not properly present a request for

jurisdictional discovery by 'merely mentioning the option of jurisdictional discovery

in an opposition to a motion to dismiss.'" Stokinger v. Armslist, LLC, Civ. No. 23-cv-

428-PB-TSM, 2024 WL 3411108, at *8 (D.N.H. July 15, 2024) (brackets omitted)

(quoting Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115, 127-28 (1st Cir.

2022)) <u>rev'd in part on other grounds,</u> 166 F.4th 229 (1st Cir. 2026); <u>see also</u> <u>id.</u>

(explaining that LR 7.1(a)(1) provides that parties may not "combine multiple

motions seeking separate and distinct relief into a single filing"). Allstate has come

up short across the board.

To begin, Allstate never filed a separate motion for jurisdictional discovery. In contravention of LR 7.1(a)(1), Allstate only offered a vague one-sentence request for jurisdictional discovery in its opposition to Midea's motion to dismiss, which it requested only if the court decided to grant Midea's motion. See doc. no. 41-1 at 8 (asking for leave to conduct jurisdictional discovery into Midea's "utilization of market reach, component sales, and distribution channels for the purposeful availment of [New Hampshire] markets"). Allstate took this approach despite being on notice that it might need to conduct jurisdictional discovery as early November 12, 2025, when Midea first moved to dismiss the then-operative first amended complaint.

Allstate's lack of diligence is reason alone to deny the request. But the request also fails on the merits. Allstate has not shown "why jurisdiction would be found if discovery were permitted" or explained "what relevant information [it] hope[s] to glean through such discovery." Putnam, 174 F.4th at 226 (quotations omitted). Unable to conclude that Allstate's one-sentence request would cure the deficiencies evident in the relatedness inquiry discussed above, the court sua sponte gave Allstate another chance to make its best case for jurisdictional discovery in an oral argument before the court. See Endorsed Order of April 30, 2026 (directing Allstate to address at oral argument "how [jurisdictional] discovery might allow Allstate to establish that its claims arise out of or relate to Midea's forum contacts"). At oral argument, however, Allstate failed to explain what "relevant information"

10

its requested discovery was likely to yield. Putnam, 174 F.4th at 226 (quotation omitted).

Because Allstate has failed to make out a colorable case for the existence of personal jurisdiction and to act diligently in pursuing jurisdictional discovery, its request for jurisdictional discovery is denied.

## CONCLUSION

For all these reasons, Midea's motion to dismiss for lack of personal jurisdiction (doc. no. 40) is granted, and Allstate's request for jurisdictional discovery is denied. All claims against Midea are dismissed without prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 21, 2026

cc:   Counsel of Record

11